UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **NATIONWIDE AGRIBUSINESS INSURANCE COMPANY** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER: 20-2890**<br>**c/w 20-2892** |
| **SMITTY'S SUPPLY, INC., ET AL.** | **SECTION: "O" (5)** |

### ORDER AND REASONS

Before the Court is Defendants' Motion for Leave to File Counterclaim. (Rec. doc. 66). Plaintiff responded to the motion. (Rec. doc. 67). Defendants replied to Plaintiff's response. (Rec. doc. 71). Having reviewed the pleadings and the case law, the Court rules as follows.

**I.    Background**

This is an insurance coverage dispute. In 2018, class actions were filed against Smitty's Supply Company ("Smitty's") and Cam2 International, L.L.C. ("Cam2"), among others, alleging the sale of deceptively and misleadingly labeled and marketed tractor hydraulic fluid called "Super S Super Trac 303 Tractor Hydraulic Fluid." (Rec. doc. 1). Those class actions were ultimately consolidated into a multidistrict litigation ("the Underlying MDL"). Smitty's and Cam2 were both insured during nearly all of the class claim periods by Nationwide Agribusiness Insurance Company ("Nationwide"). Nationwide engaged an attorney to defend Smitty's and Cam2 in that litigation. (Rec. doc. 66-2 at 1-2).

On October 22, 2020, Nationwide initiated the present case against Smitty's Supply Company and Cam2 International, L.L.C. (collectively, "Defendants"), in which it seeks a judgment declaring that Nationwide has no duty to defend or indemnify Defendants in the Underlying MDL. (Rec. doc. 1; 66-1). This insurance coverage dispute was transferred to the

Underlying MDL. (Rec. doc. 36). While the underlying MDL was litigated, there was little activity in the instant insurance coverage dispute.

From February through May of 2021, the parties in the Underlying MDL engaged in settlement negotiations that were unsuccessful. (Rec. doc. 71 at 2). In response to failed settlement negotiations and Defendants' belief that they lacked adequate counsel, Defendants engaged the law firm of Thompson Coburn for defense in the Underlying MDL. (*Id.*). In Defendants' view, the litigation was too voluminous for the individual defense attorney initially engaged by Nationwide to handle, requiring Thompson Coburn to take on a larger role in the defense. (Rec. doc. 66-2 at 1-2). On May 6, 2022, Defendants demanded that Nationwide pay for the defense provided by Thompson Coburn. (Rec. doc. 71 at 3). On May 13, 2022, Nationwide rejected Defendants' demand to pay for the defense provided by Thompson Coburn.

On June 5, 2023, this insurance coverage dispute was remanded to this Court. (Rec. doc. 55). This case continued to be mostly inactive while the Underlying MDL was litigated. In October of 2024, the parties to the Underlying MDL agreed to settle for $31,900,000. Payment of the settlement is the subject of a Funding Allocation Agreement and Partial Release ("the Allocation Agreement"). On March 27, 2025, the court in the Underlying MDL entered an order granting final approval of the parties' settlement agreement. (Rec. doc. 66-1 at 2).

Defendants filed the instant Motion for Leave to File a Counterclaim pursuant to Federal Rule of Civil Procedure 13 seeking leave to assert a claim against Nationwide for its refusal to provide an objectively adequate, competent, and vigorous defense under its primary insurance policies. (Rec. doc. 66-2). Nationwide filed a response arguing that

Defendants' motion violates Local Rule 7.4 by failing to contain any supporting evidence for their motion and a citation of authorities. (Rec. doc. 67). Nationwide further argues that the present Motion was filed more than two and half years after the deadline in the scheduling order, requiring leave to file pursuant to Federal Rule of Civil Procedure 16. Nationwide argues that Rule 16 requires that Defendants show good cause and satisfy the Rule 15(a) factors, which they have not done. (*Id.*).

Defendants replied, asserting that their understanding was that the proposed counterclaim was a central term of the Allocation Agreement and that Nationwide's opposition is surprising. (Rec. doc. 71). Defendants further argue that because the scheduling order in this case was issued so early on, it was essentially stayed for all intents and purposes, meaning that there is presently no scheduling order, requiring the Court to consider Defendants' Motion under the more deferential Rule 15(a) standard. (*Id.* at 6). Lastly, Defendants argue that even if the Court considers the instant Motion under Rule 16(b), good cause and the Rule 15(a) factors are satisfied. (*Id.* at 5-9).

**II.    Law and Analysis**

The Court rejects Defendants' argument that no scheduling order governs here because so little action took place in the case since the issuance of the order that the case was stayed for all intents and purposes. Defendants cite no authority in support of that argument. The Court in this action set a deadline for amending pleadings of February 22, 2021. (Rec. doc. 35). The case was transferred to the MDL before the expiration of that deadline. (Rec. doc. 36). And, for sure, a new scheduling order will be issued in this case.

However, because the deadline to amend pleadings has technically passed, Defendants must meet the requirements of Rule 16 to merit leave to amend. Under Rule

3

16(b), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b). This generally requires the movant to "show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Filgueira v. U.S. Bank Nat. Ass'n*, 734 F.3d 420, 422 (5th Cir. 2013) (citation omitted). The four factors relevant to determining the existence of good cause in the context of post-deadline amendment are: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003) (quoting *S & W Enters., L.L.C. v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003)). Only after the "good cause" requirement under Rule 16(b) are satisfied is the analysis under Rule 15(a)(2) triggered. *S&W Enters.*, 315 F.3d at 535-36.

Under Rule 15(a), a party may amend its pleading with the opposing party's written consent or leave of court, which leave should be freely granted when justice so requires. Fed. R. Civ. P. 15(a)(2). The Rule 15(a) inquiry requires the court to balance the difficult task of assuring a party a fair opportunity to present his claims and defenses while at the same time protecting the district court from being imposed upon by the presentation of theories seriatim. *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981) (citation omitted). Although leave to amend is not automatic, given Rule 15(a)(2)'s bias in favor of granting leave to amend, a court "must possess a 'substantial reason' to deny a request." *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (citation omitted); *accord Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004) (citing *Martin's Herend Imps., Inc. v. Diamond & Gem Trading U.S. of Am. Co.*, 195 F.3d 765, 770 (5th Cir. 1999); *Stripling v. Jordan Prod. Co.*,

4

234 F.3d 863, 872 (5th Cir. 2000)).  The five relevant factors considered in determining whether leave to amend is proper or there is substantial reason to deny the request are: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by previous amendments, (4) undue prejudice to the opposing party, and (5) futility of the amendment.  *Gregory*, 634 F.2d at 203 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also U.S. ex rel. Spicer v. Westbrook*, 751 F.3d 354, 367 (citation omitted); *see also Strickland v. Bank of New York Mellon*, 838 F. App'x 815, 821 (5th Cir. 2020) ("Denying a motion to amend is not an abuse of discretion if allowing an amendment would be futile.") (quoting *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014)).  Consideration of the futility factor requires the court to assess whether the amended complaint would survive a Rule 12(b) motion.  *Marucci Sports*, 751 F.3d at 378 (citing *Stripling*, 234 F.3d at 873).  The court must accept all well-pleaded facts as true and consider the complaint in the light most favorable to the plaintiff, but the Court should not accept as true "'conclusory allegations, unwarranted factual inferences, or legal conclusions.'"  *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (citation omitted); *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (same); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (1955) (The "obligation to provide the grounds of [ ] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") (citations and internal quotation marks omitted).

      Notably, Nationwide argues only that Defendants did not attempt to show good cause but made no arguments pursuant to the factors of Rules 16(b) or 15(a).  In other words, Nationwide has not alleged that Defendants do not *have* good cause, only that Defendants did not initially attempt to show good cause.  Defendants' Motion failed to recognize the

timeliness issue and corresponding need to establish good cause pursuant to Rule 16. However, Defendants made arguments under the appropriate standards—Rules 16(b) and 15(a)—in their Reply. The Court considers those arguments here.

Having considered the foregoing factors under Rules 16(b) and 15(a), the Court finds good cause to allow the amendment to add a counterclaim. Nationwide refused to pay for the defense provided by Thompson Coburn, a fact central to Defendants' counterclaim, on May 13, 2022. Further, the Underlying MDL did not settle, and the Allocation Agreement was not entered into until October of 2024. The deadline to amend pleadings in the Underlying MDL was January 7, 2022. Thus, facts forming the basis of Defendants' claim arose after the deadline for leave to amend, providing a sufficient explanation for the failure to timely move for leave to amend.

Moreover, the assertion of the claim is important given that payment of massive amounts of attorney's fees resulting from years' worth of complicated litigation is at issue. As to the third factor, the Court does not discern any potential prejudice to Nationwide, nor does Nationwide argue any. Finally, no continuance would be necessary or warranted here. The District Court recently held a scheduling conference. (Rec. doc. 70). No scheduling order or trial date has been issued by the District Court yet, so no continuance is necessary.

For the same reasons, none of the Rule 15 factors weighs against granting leave to file a counterclaim. Any delay was not undue—it was a natural product of allowing the Underlying MDL to settle before arguing over payment of that amount. There is no evidence suggesting bad faith or dilatory motive, repeated failure to cure deficiencies by previous amendments, or undue prejudice to the opposing party.

As to futility of the amendment, the Fifth Circuit has held that an amendment is futile "when the justification for the denial is 'readily apparent'" and the "record reflects ample and obvious grounds for denying leave to amend." *Marucci Sports,* 751 F.3d 368, 378. No such grounds exist here, and the Court declines to delve into the merits of the counterclaim—that is better addressed in other contexts. *See Patriot Contracting, LLC v. Star Ins. Co.*, No. CV 15-06634, 2018 WL 10797880, at *6 (E.D. La. Mar. 7, 2018) ("This Court will not substitute its reasoning for that of the District Court with respect to these [substantive] issues"). Accordingly, there is no substantial reason to deny Defendants' Motion for Leave to File Counterclaim.

### III. Conclusion

For the foregoing reasons,

**IT IS ORDERED** that Defendants' Motion for Leave to File Counterclaim (rec. doc. 66) is **GRANTED.**

New Orleans, Louisiana, this 1st day of August, 2025.

MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE